UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLAUDIA MARLICE ROBERTSON     CIVIL ACTION NO. 08-CV-0150

VERSUS     REFERRED TO:

U.S. COMMISSIONER SOCIAL     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

The Commissioner of the Social Security Administration denied an application for benefits filed by Claudia Robertson ("Plaintiff"). Plaintiff appealed the denial to this court and filed a brief in support of her position. The undersigned issued a ruling and judgment that the agency decision be reversed and the case remanded pursuant to sentence four of 42 U. S. C. § 405(g). Plaintiff now presents an Application for Approval of Attorney Fee under the Equal Access to Justice Act ("EAJA"), 28 U. S. C. § 2412(d)(1)(A).

**Entitlement to Award**

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. Section 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. Breaux v. U.S. D.H.H.S., 20 F.3d 1324 (5th Cir. 1994). The

prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. Baker v. Bowen, 839 F.2d 1075, 1080 (5th Cir. 1988). The Commissioner does not contest that Plaintiff is the prevailing party and entitled to an award of EAJA fees, so an award should be granted.

**Hourly Rate**

The next issue is the hourly rate that should be used to calculate the fee award. The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." § 2412(d)(2)(A)(ii). Plaintiff asks the court to award a rate of $150 per hour. That is the rate now ordinarily awarded in the Western District of Louisiana. See Scott v. Astrue, 2009 WL 995029 (W.D. La. 2009) (Alexandria Division); Landry v. Commissioner, 2009 WL 1010191 (W.D. La. 2009) (Lafayette Division; noting inclination to implement the $150 rate); and Williams v. Astrue, 2009 WL 703285 (W.D. La. 2009) (Monroe Division).

**Compensable Hours and Total Award**

Plaintiff's counsel has submitted an itemized time sheet that indicates a total of 13.70 hours in attorney time, all of which time was related to work on the judicial appeal. The Commissioner disputes only one aspect of the time entries. Counsel recorded, on different

days, entries that total about 3.3 hours for review of the Commissioner's brief, consideration of whether to file a reply brief, and preparation of a reply brief. Counsel ultimately elected not to file the reply brief, which the time entries note was only "partially completed." The Commissioner asks that the court reduce the requested hours by 2.5 hours, reflecting the time entries of 1.30 hours for "Appeal Brief - consideration of whether to reply brief" and 1.20 hours for "Appeal Reply Brief prep continued." Counsel for Plaintiff acknowledges that at least part of that time was spent working on a reply brief that was not filed, and he suggests that a reduction of 1.25 hours or some other reasonable reduction is appropriate.

The court finds that it is reasonable under the circumstances to reduce the attorney time by 1.5 hours. This reflects that it was reasonable for counsel to study the defense brief and research facts and law to determine whether a reply memorandum would be beneficial, and it adequately reflects a reasonable deduction for time spent drafting a brief that counsel elected not to file.

Accordingly, the **Application for Attorney Fees (Doc. 18)** is **granted**, and the United States is ordered to pay Plaintiff attorney fees pursuant to the EAJA in the amount of $1,830.00 (12.2 hours at $150 per hour), with the understanding that if there is an award of fees from past due benefits, then counsel must pay Plaintiff an amount equal to the smaller of the two fees.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE